The third case, United Central Bank v. KMWC. Mr. Fleischer. If it pleases the court, on behalf of the appellant, let me start by stating that the question we have here, what happened is that the district judge in a diversity case was sitting in Wisconsin. He applied Illinois law to a mortgage foreclosure of Wisconsin property and the case was pending in a Wisconsin court under diversity law. We say there's two reasons why the court was wrong in applying Illinois law to the Wisconsin foreclosure of Wisconsin property in a Wisconsin court. The first has to do with the choice of law provision. The choice of law provision for mortgage one, we're only talking about this one count, is included in our appendix at page A-39. The judge said, I'm going to apply the choice of law provision of mortgage one. He did that at A-5 of the appendix. He says, I'm applying the choice of law provision for mortgage one. That choice of law provision at A-39, not surprisingly, says you provide the CITUS law. You use the CITUS law, which would be Wisconsin, to this. Now, why did he apply Illinois law when the mortgage clearly states that the choice of law provision says Wisconsin law applies? The confusion was because the appellee, both in the brief before this court and in the district court, said a number of times that the mortgage one provision says that Illinois law applies. And the mortgage one provision does not say that Illinois law applies. When the appellee was quoting something, he was quoting a document that's also in the appendix at A-46, which is a mortgage amendment. The mortgage amendment specifically states that the mortgage amendment has a defined term mortgage and a defined term mortgage amendment. It says, as to the mortgage amendment, we're going to provide Illinois law will apply. It does not say, as to the mortgage, we're changing this and we're going to say that Illinois law applies. It says, as to the mortgage amendment, Illinois law applies. This was a mortgage amendment for a cash increase where somebody had asked for more money. It is our position that that does not change the existing choice of law clause in the mortgage. Yeah, but the problem here was that wasn't pointed out to the court, the error that the court made. You didn't challenge his determination or argue that Illinois did not apply. Your Honor, it- So that's a big problem. Well, we first, what we did is as soon as we saw that error, we challenged it in a motion for reconsideration. And we filed a motion for reconsideration specifically stating to the judge that we have no problem with his applying the provision of mortgage one, but he applied the wrong provision. And we explained why, because this is something that Pelly had misstated and was picked up here. But secondly, the judge also said that you never argued that Wisconsin law should apply. And you waived any argument Wisconsin law should apply because you never argued it. And we pointed out in our brief that while the district court ruled that way, it was just wrong. In our motion for summary judgment at docket 117-1, in our summary judgment motion, we asked that Wisconsin law apply. We argued in that same document, 117-1 at page 11, that the Wisconsin statute should apply. We argued at the same document, 117-2, an affidavit in support of motion for summary judgment that Wisconsin law should apply. In our complaint, we stated at docket 13, page 22, paragraph 20, that Wisconsin law should apply. We always argued Wisconsin law should apply. The court said we did not argue it. Well, you didn't argue it in any briefing, right? You never challenged Pelly's statement in any briefing that the choice of law provision meant Illinois law applied. You never specifically challenged any assertion during the summary judgment briefing that Illinois law applied. In our motion for summary judgment, which I just quoted four different spots, we said Wisconsin law applied. They came back and said the note provision applied. There is a note provision that the court did not use. The note provision does apply Illinois law. And they were arguing before the district court the note provision applied. Once the court said, I'm going to apply the mortgage provision, in our motion for reconsideration, we immediately stated that the mortgage 1 provision does state that you apply Wisconsin law. So when you say that we, the question is, did we waive something? Well, we had always argued Wisconsin law applied, number one. Number two is, why did this occur? It occurred because the appellee continuously said, look at mortgage 1. There's a provision in there, but it wasn't there. It was somewhere else. Now, I think the Lonsdorf case that I cited, the Seventh Circuit case, is right on point. The Seventh Circuit case says you can't mistake something to the court and then say the other side didn't catch it and the court is stuck because we didn't catch the misstatement that's made. And the Lonsdorf case says, wait a second. What we're trying to do is get the right answer here. It's not a trick, and we have to look at what the right answer is. The right answer is mortgage 1 provides for Wisconsin law to apply. We argued at all times Wisconsin law would apply, and there's a second point here. It's a different point. The second point is that we had argued Wisconsin law applied. I pointed that out to the court just now. No one had done a conflict of interest analysis, I admit. Neither side did what Justice Posner always says we should be doing, which is a conflict of interest approach. But the conflict of interest approach, you're a Wisconsin court. You apply Wisconsin conflict of interest rules, and Wisconsin conflict of interest rules specifically provide, and we cited the State Farm case, that if you're a Wisconsin court, you cannot apply to a mortgage foreclosure a choice of law provision. In the State Farm case, it was a Minnesota provision, where the Wisconsin Supreme Court said we don't apply. You can't have a choice of law provision telling our courts to apply something from another state. So a second issue is should the choice of law provision even be recognized by a Wisconsin court? We have a Wisconsin Supreme Court case that says that in Wisconsin, we apply Wisconsin foreclosure law, and we don't apply, you can't choose to apply Nevada law or some other law to Wisconsin foreclosure. So this is the second reason why forgetting about the choice of law, and Wisconsin law should apply. The court then made a mistake when the court cited Reinke, a Seventh Circuit case, in its favor. It says Reinke says we apply Illinois law. Well, Reinke says you apply the law of where you're sitting. In Reinke, it was an Illinois court, and the Illinois court in Reinke applied Illinois law and said we're not going to apply a Minnesota choice of law provision because we're sitting in Illinois. So when they argued, when the judge said, well, Reinke says you apply Illinois law, that's because they were sitting in Illinois. But all of these cases that we have, including the Supreme Court Wisconsin case, all say that you have to apply Wisconsin law to Wisconsin foreclosure. We have a choice of law provision that states it. The waiver argument I point out to the court we did at five different spots. If you take a look at those specific spots, say we want you to apply Wisconsin law, and now I have another argument which I would like to make, and the other argument is even if you applied Illinois law, we then come to the question as to does this statute that we have in Illinois, that 13-217 provision, the refiling provision, does that bar a foreclosure case from being filed when you've never filed a previous foreclosure case? The judge held that under Illinois law, that if you're barred from filing a note case, you can't file a foreclosure case. And he said that's what Illinois law says. Wisconsin doesn't. Illinois does. But we've pointed out in our brief that there are a lot of cases in Illinois, notwithstanding the case the judge cited, which was 1885. There are very recent cases, one after another, saying that even if you can't sue on a note, the foreclosure is a different cause of action. It's different, and I cite a number of appellate decisions in Illinois that say that a note case is different than a foreclosure. 13-217 says if you've already lost or had dismissals of the same cause of action, then Illinois law says how do we decide it's the same cause of action? Look at Ray Schutte-Cotter principles. Ray Schutte-Cotter principles in Illinois say you can have an Illinois note case and later file a foreclosure case. They're different causes of action. And I quoted, I believe, five Illinois cases on point where there was a note case, later someone came in and said, now I want foreclosure, and Illinois courts allow that all the time. The fact that you've got a judgment on a note does not work as Ray Schutte-Cotter so you can't come in later and file a foreclosure case. So I have three reasons that I have brought up here. Two of the reasons are that Wisconsin law should apply, both because of the choice of law provision and when you talk about waiver, we, as I point out, have continuously argued Wisconsin law should apply. And there's no advantage that they can even point out why we would be arguing Illinois law should apply. There's no advantage to that, applying Illinois law to a Wisconsin foreclosure in this case. So we want a Wisconsin law to apply both because of the choice of law provision and that you apply Wisconsin law to Wisconsin foreclosures. That's what happens. That's what the Wisconsin Supreme Court says. Would you agree that the voluntary dismissals of the promissory notes barred suing on the notes? This is not the prior voluntary dismissals were not a foreclosure, those were on the notes. I understand, but if you're barred from suing on the notes, that underlies the mortgage, right? Well, the cases that I cite are all cases where you are barred from suing on the notes because you already sued on the notes. You can't come in again and do it. And you're barred. You can't sue on the notes. And people came in and then argued, you can't sue on the foreclosure now because you've already sued on the notes. Well, we did already sue on the notes. We can't come in and sue on the notes maybe under this case law. I'm not arguing that today before this court. But you can sue on the foreclosure even though you're precluded on the note. And I point out that each of those cases that I cite at the last parts of my brief, I'll say that. Those were all cases where someone had sued on the note, the court had made a decision, later someone comes back on a foreclosure and says, I want a foreclosure now. And they say, wait a second, you should have done that before. You can't keep filing multiple cases. In our case, we didn't even get the decision. We just had voluntary dismissal. If race judicata doesn't apply, then we can sue on the foreclosure. That's what Illinois law says. Any questions? All right. Want to reserve some time? Excuse me? No. You want to reserve your? Reserve your about? Yes. Thank you. Mr. Abruso? Good morning. May it please the court, counsel. I have several points that I want to get to specifically with regards to whether this court even has jurisdiction for this appeal and also with regards to the whole standard of review for this case. But I think it makes most sense to start where you guys left off with opposing counsel. And that is the issue of the single refiling rule in this case. I think it needs to be clear how that actually applies, what the court did, and what is being argued. The single refiling rule in this case specifically holds that the bank, the plaintiff, is precluded from suing or bringing any action or maintaining any action on the promissory notes. That is undisputed. That has not been appealed to this court. Instead, the position that the appellant has taken is that the single refiling rule doesn't come into play because this is a foreclosure rather than a note action. That kind of misses the point. The point is when you have a foreclosure, you have a mortgage. And what is a mortgage? Security for a note. If you have no debt, you have no ability to enforce the debt, the mortgage itself becomes pointless. That is what the court said. They said, well, technically, this action, this foreclosure action, does not violate the single refiling rule. You have no debt that you can enforce such that this mortgage is unenforceable. The case is cited by appellant in their brief talk about the fact that a note action and a mortgage action are separate distinct causes of action. We agree with that, but that's not the point. All those cases cited stand for the proposition that you first obtained your judgment on the note. They still have that debt because they got a judgment on the note. Here, they have an unenforceable note. It's not that the courts have allowed them two kicks at the can. Okay, you can't get it on your note. Now we're going to let you take a second shot on your mortgage. That's not what those cases hold, and I think it's important to know that in this appeal, they have not challenged the fact that the notes themselves are unenforceable. They simply tried to say this action here is separate and distinct from the note actions.  I do take some exception to the fact that they've portrayed myself as making misrepresentations to the court with regard to choice of law. What we have here is a mortgage. It is one mortgage. We don't have two mortgages. We don't have multiple mortgages. We have one mortgage. Yes, the mortgage was amended. Contracts get amended all the time. Mortgages get amended. When they get amended, they become one single integrated document. If it were not that way, they'd have a first priority mortgage, then they'd have a junior mortgage, then they'd have a junior mortgage, but we don't have that here. We have one single integrated document, which is a mortgage. The mortgage amendment is clear. First, it incorporates all the provisions from the previous mortgage. It says all those obligations, everything that you are required to do on the mortgage, you have to do it again when you sign this amendment. And then it says we're going to amend some stuff. And one of the things it does amend is the choice of law. It says the mortgage amendment and all obligations arising here under are governed by. That is an express term that was amended. When I cited to the mortgage amendment in the district court, I cited to it because that is the mortgage. That became the mortgage. We have one document. That is the controlling law. To try to act like, you know what, I'm going to foreclose here, and this part of my mortgage is under Wisconsin law, and this part is under Illinois law. So I need to foreclose under two separate states' laws when I only have one mortgage. That doesn't make sense. It just doesn't work. The other item that counsel talked about is they assert that they've alleged Wisconsin law applied to this mortgage from the start. I also take exception to that. I've cited in our brief at least four separate occasions when they have admitted that Illinois law applied to mortgage one. I think the most important reference is attached in our appendix at page 38. That's their response to our motion for summary judgment. We filed for summary judgment. They responded, and in their response they said two of the three mortgages are governed by Wisconsin law. That's the same two that I said are governed by Wisconsin law. What are they saying if they're not agreeing with our other premise that mortgage one is governed by Illinois law? I'm going to jump back to the jurisdiction issue because I want to make sure I have time to get to that. This was briefed prior to the briefing schedule, and what we have here, we have a decision in order dated June 7, 2013. This notice of appeal was not filed until March 5, 2014. It is our position that that decision in order is a final decision as defined by the United States Supreme Court. We cited the Ray Haluk case, that is Ray Haluk Gravel Company, and what that says is a final decision is a decision that ends the litigation on the merits and leaves nothing for the court to do but to execute the judgment. On June 7, 2013, the district court issued a lengthy decision in order that ended this litigation on its merits. It granted the defendant's summary judgment as to count one, and it granted the plaintiff's summary judgment as to counts two and three. The only relief sought by plaintiffs was a judgment of foreclosure. They were granted that. The only item left to be done was to execute the judgment. This was a final decision. Now, it is true that there were disputes after that decision between the parties over what the judgment should look like, over what should be included in the judgment, but that's not the merits. The merits were, are you entitled to a judgment of foreclosure, yes or no, and is that final? We have that. Now, I will admit that it is probable, it is possible that the district court did not comply with Rule 58 and the separate judgment rule, but that is why there's the 150-day time limit in there to call to that reason out. If a district court does not apply or does not comply with the separate judgment rule, 150 days expires, that is when it's entered. If we do the math as we did in the brief, it shows that March 5th is too late from a June 7, 2013, judgment. So we don't believe this court even has jurisdiction. Second is the standard of review, which was not addressed by counsel when he was up here, but it was in the briefs, and I think it is very important in this case, specifically with regards to the choice of law and the conflict of law issues. If you have read the briefs that were submitted to the district court, not once was it challenged as to what state's laws apply to this mortgage. It wasn't until hindsight came in, after they saw how the district court judge applied these laws, that they filed a motion for reconsideration. Hey, wait, we actually think Wisconsin law applies here. I provide you with the case law showing that when you make a judgment for the first time on appeal or on reconsideration, it's too late. Now, because those arguments were solely made for the first time on appeal, not on appeal, but on reconsideration, appellant doesn't just get to come here and ask for de novo review. They have to show that the district court judge abused his discretion in not hearing those arguments. I haven't heard them argue once. I haven't seen them argue once that the judge did anything that abused his discretion. Judge gave a logical reasoning. He followed the same logic I followed when he stated you've gone into this case from the start, alleging that this law applies. Now you want to mulligan. There is nothing that is illogical showing that that judge abused his discretion. I think that when we actually talk about the law itself and how this comes into play, the biggest thing to remember is what is reasonable and what makes sense. And this gets me back to the whole argument as to one mortgage can somehow be governed by two separate states' laws. Appellant hasn't wanted to grasp the fact that a mortgage that is amended is still one document. They're trying to make this huge distinction so that they can show how one document can somehow be governed by two separate laws, and that just doesn't work. If that is the case, it is going to be a strange world out there trying to figure out what laws govern when there are specific choice of law provisions in contracts themselves. Unless anybody has any questions. Thank you. Thank you. In response to three points, again, counsel just said that we never argued that Wisconsin law applied. Now, I cited my brief, and I cited 10 minutes ago to the court that the complaint, document 13, docket 13, page 22, paragraph 20, asked for Wisconsin law to apply. In the summary judgment, in docket 117-1, at pages 10 and 11, we cited Wisconsin case law on the motion for summary judgment, saying here's Wisconsin case law that applies at both page 10 and page 11. We cited the Wisconsin statute that applies to foreclosures. In our motion for summary judgment, we detached an affidavit to the motion for summary judgment at 117-2, page 18, saying that we're asking for judgment under Wisconsin law. I hear the statement that we never argued Wisconsin law applies, but all I can say is we did. A more complicated counsel says that this case law that I have cited, the Illinois single refiling rule, that I'm missing the point of the case law. I'm not going to argue whether the case law is right or wrong. I cited the Schrager case at page 32 of my brief that says when you're talking about refiling, the test is that a complaint is a refiling if it contains the same cause of action as defined by race judicata principles. So counsel says I've confused it, but our cause of action is the same only if it's the same as defined by race judicata principles. It's not the same. If it's not the same, then this is not a refiling. It's not a refiling. We're not barred under Illinois law. I quote all those cases here because all of those cases are all cases where you were barred from suing on the note. How do you go forward on the proof on the mortgage foreclosure? Well, the same as in all those cases. What the single refiling rule says is you're not allowed to file again on the note. It doesn't say that the note is unenforceable, that the note is void, that the note is valid. Oh, so you could enter the note in the foreclosure action? Absolutely. As long as you're not suing on the note, you can't get a judgment on the note. But in all those foreclosure cases that I have cited here, those are all cases where you cannot get a judgment on the note. But in order to get the judgment for foreclosure in the cases that I cited in Foster Bank, they argue to the appellate court, you can't come in and get a foreclosure on a note that's already been decided and now you're barred from suing. You can't do that. And the court said, in Illinois law, you can. They're separate causes of action, completely separate. Now, I agree. That's why I say in my brief, we're not talking about collateral estoppel. If a court has said and ruled that your note is unenforceable, now you're talking about collateral estoppel, a different concept. That has not occurred here. So that's number two. And number three, I just want to point out that there are three mortgage amendments that we have discussed in our briefs. Two of the mortgage amendments that provide for Wisconsin law are located at 13-3 and 13-5 of the docket. Those two mortgage amendments say, specifically, this mortgage, as amended by the mortgage amendment, and all the obligations arising thereunder, meaning arising under the mortgage, and hereunder, meaning under the mortgage amendment, shall be construed in accordance with Wisconsin law. So those two specifically say, we're talking about the mortgage and the mortgage amendment. Ours does not say that. Ours says, only as to the mortgage amendment, you apply that. Thank you, Mr. Fleishman. Thank you, Secretary. Case is taken under advisement.